**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02497

ALFREDO VILLOLDO, individually, and
GUSTAVO E. VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,

Plaintiffs,

v.

THE REPUBLIC OF CUBA, a foreign state,

Defendant.

---

**MOTION FOR LEAVE TO PROVIDE ASSISTANCE TO THE CLERK OF COURT IN THE SERVICE OF THE COMPLAINT, SUMMONS, AND NOTICE OF SUIT**

---

Plaintiffs, Alfredo Villoldo and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos, hereby request leave to provide assistance to the Clerk of Court in the service of the Complaint, Summons, and Notice of Suit in this case, and state:

1. Plaintiffs are in the process of serving Defendant Cuba with the Complaint Summons, and Notice of Suit, pursuant to the requirements of service on a foreign state set forth in § 1608(a) of the Foreign Sovereign Immunities Act ("FSIA").

2. As described herein, due to the lack of a shipping service that can transmit documents from this District to the address of Cuba's Ministry of Foreign Affairs in Havana, Cuba, with a return receipt requiring signature, the Plaintiffs respectfully request that the Court enter an order authorizing them to assist the Clerk of Court by transmitting the service documents to a

shipping location in Miami, Florida where they can be transmitted to Cuba, or make the finding that service by mail under 28 U.S.C. § 1608(a)(3) cannot be accomplished and authorize the Plaintiffs to proceed with service by diplomatic transmittal under 28 U.S.C. § 1608(a)(4).

3. In cases in which service on a foreign state cannot be made by special arrangement between the plaintiff and defendant state or through an applicable international service convention, pursuant to 28 U.S.C. § 1608(a)(3), service upon a foreign state is to be made by dispatching a copy of the complaint, summons, and notice of suit to be served with translations of same, by any form of mail requiring a signed receipt, "to be addressed and dispatched by the clerk of court to the head of the ministry of foreign affairs of the foreign state concerned…."[1] *See* 28 U.S.C § 1608.

4. Presently, the only shipping agency that will deliver packages to Cuba from the United States with a signed return receipt is the DHL Express delivery company. *See* Declaration of Roarke Maxwell, Esq. ("Maxwell Dec.") at ¶ 3, attached as Exhibit A.

5. At this time, DHL Express is only accepting deliveries to Cuba at one office in the United States that is located in Miami, Florida. *Id.* at ¶ 4. DHL only accepts packages that are brought to this location for delivery to Cuba in person and consequently does not transfer packages from other DHL locations to the Miami location. *Id.* at ¶ 5.

[1] Because there is no special arrangement for service or international conventions for service between Defendant Republic of Cuba and the United States, service on Cuba can be accomplished only through subsections 28 U.S.C. § 1608(a)(3) or (a)(4). *See e.g.*, *Stansell v. Republic of Cuba*, 217 F. Supp. 3d 320, 340 (D.D.C. 2016) ("Service in accordance with § 1608(a)(3) was appropriate because, at the time Plaintiffs commenced suit, Cuba had neither a special arrangement for service with Plaintiffs nor entered into an international convention governing service."). It is necessary to attempt service under § 1608(a)(3) before proceeding to the service method authorized under § 1608(a)(4). *See* 28 U.S.C. § 1608(a)(4) ("If service cannot be made within 30 days under paragraph (3) ….").

6. When packages are brought to the DHL location in Miami for delivery to a Cuban address, the contents of the package are examined by the DHL personnel to determine whether they violate federal sanctions regulations on deliveries to Cuba. *Id.* at ¶ 6.

7. If a package is accepted, the delivery label for the package is generated by a DHL employee from information provided by the sender on a DHL Shipment Waybill Information form and the items to be shipped are placed in an envelope or container that is then sealed by the DHL employee. *Id.* at ¶ 7.

8. For the purposes of serving the Defendant Republic of Cuba with the Complaint, Summons, and Notice of Suit in this case, Plaintiffs filed a Declaration Requesting International Mailing, in which they requested that the Clerk of Court affect service on Defendant Cuba, under 28 U.S.C. § 1608(a)(3). *See* Dkt. No. 6.

9. On September 22, 2021, the Plaintiffs' counsel had a service packet brought to the Clerk by their staff that contained a copy of the Complaint, Summons, and Notice of Suit, with translations of said documents into Spanish ("Service Package"). Maxwell Dec. at ¶ 8; Complaint, Summons, and Notice of Suit with accompanying Spanish translations, attached as composite Exhibit B.

10. Along with the Service Package, the Clerk was provided the DHL shipping forms required for making a shipment to Cuba, which are also used to generate the final DHL shipping label. Maxwell Dec. at ¶ 8; DHL shipping forms, attached as composite Exhibit C.

11. In telephone conversations that day, Plaintiffs' counsel advised the Clerk that if the Service Package was approved for mailing by the Clerk that it would assist the Clerk in mailing the documents by transferring the documents approved by the Clerk to Plaintiffs' counsel's office

in Miami, Florida via FedEx, where Plaintiffs' counsel would then bring them to the DHL Express location in Miami for mailing to Cuba. Maxwell Dec. at ¶ 9.

12. The Clerk advised Plaintiffs' counsel that it could not agree to affect service in this way because the Clerk believed that it was required to seal the package for final delivery and address a prepaid shipping label itself. *Id.* at ¶ 10. Further, the Clerk asserted that while it was acceptable for Plaintiffs' counsel to take the package to a DHL location for immediate shipping, it was concerned that transferring the package to Plaintiffs' counsel's Miami office may not be appropriate. *Id.*

13. Because DHL inspects the contents of a package before it is shipped, places it into a shipping envelope itself, and generates and prints the label at the time of mailing, it is not possible for Plaintiffs' counsel to provide the Clerk with the means to seal the service package in a final DHL shipping envelope and address the exact physical label that will be placed on the package. *Id.* at 11.

14. However, Plaintiffs' counsel can provide the Clerk of Court with the DHL shipping forms and a FedEx envelope to seal and send to Plaintiffs' counsel's office in Miami, Florida that could be presented to and opened in the presence of a DHL employee at the appropriate DHL office.

15. Plaintiffs' counsel is aware of no authority that would prohibit a plaintiff's attorney from assisting a clerk of court in taking any reasonably necessary steps to affect mailing of a service package, under 28 U.S.C. § 1608(a)(3).[2]

[2] For example, it is the established practice of the Clerks of Court for the U.S. District Court for the District of Columbia and U.S. District Court for the Southern District of New York to review the contents of a service package created by a plaintiff's counsel and return it to them for mailing to a foreign state defendant, pursuant to 28 U.S.C. § 1608(a)(3). *See* U.S. District Court for the District of Columbia, attached as Exhibit D, and U.S. District Court for the Southern District of New York, Clerk's Office Foreign Mailing Instructions, attached as Exhibit E.

16. Accordingly, the Plaintiffs respectfully request that the Court enter an order authorizing the Plaintiffs to assist the Clerk in the mailing of the service package by permitting Plaintiffs' counsel to transfer the approved service package from the Clerk's office to Plaintiffs' counsel's office in Miami, Florida via FedEx, whereupon the sealed FedEx package will be taken to the DHL location in Miami, Florida, where it will be provided to and opened in the presence of DHL employees for their inspection and then shipping to the Defendant. *See* Proposed Order, attached as Exhibit F.

17. Alternatively, if the Court does not believe the foregoing is appropriate, the Plaintiffs respectfully request that the Court enter an order determining that service under 28 U.S.C. § 1608(a)(3) cannot be made on the Defendant, and authorizing Plaintiffs' counsel to proceed with service via diplomatic transmission through the U.S. Department of State, under 28 U.S.C. § 1608(a)(4). *See* Proposed Order, attached as Exhibit G.

WHEREFORE, the Plaintiffs respectfully request that the Court grant the relief requested herein.

Respectfully submitted,

/s *Adam S. Hall*
ADAM S. HALL
Florida Bar No. 109983
Email: adamhall@hallpa.com
ROARKE MAXWELL
Florida Bar No. 44591
Email: rmaxwell@hallpa.com
HLHL, P.A.
2665 South Bayshore Drive
Suite 802
Miami, Florida 33133
Telephone: (305) 374-5030
Facsimile: (305) 374-5033

DUSTIN J. PRIEBE
Colorado Bar No. 36850
Email: dpriebe@foleymansfield.com
FOLEY & MANSFIELD
385 Inverness Parkway
Suite 400
Englewood, CO 80112
Telephone: (720) 636-7981
Facsimile: (720) 633-9659

*Attorneys for Plaintiffs ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be sent via U.S. mail and Priority International Mail DHL (return receipt requested) as set forth below.

Via U.S. mail to:

Chief Counsel, Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW Annex
Washington, DC 20220

Via U.S. mail (return receipt requested) to:

Bruno Eduardo Rodríguez Parrilla
Minister of Foreign Affairs
Embassy of the Republic of Cuba
2630 16th Street, N.W.
Washington, D.C. 20009

Via DHL Express International Shipping (return receipt requested) to:

Bruno Eduardo Rodríguez Parrilla, Ministro
Ministerio de Relaciones Exteriores
Calzada no. 360 e/ G y H, Vedado
Plaza de la Revolución, Ciudad de la Habana, Cuba

/s *Adam S. Hall*
ADAM S. HALL