IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02497-NYW-NRN

GUSTAVO E. VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos,

    Plaintiff,

v.

THE REPUBLIC OF CUBA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Supplemental Motion for Default Judgment (the "Supplemental Motion" or "Supplemental Motion for Default Judgment") [Doc. 42]. Upon review of the Supplemental Motion, the record before the Court, and the applicable case law, the Supplemental Motion for Default Judgment is respectfully **GRANTED**.

## BACKGROUND

This Court set out the factual and procedural background of this case in detail in its March 7, 2023 Order on Motion for Default Judgment (the "March 2023 Order") [Doc. 41] and fully incorporates that background discussion and analysis here. In 2011, Alfredo Villoldo and Gustavo Villoldo (collectively, "Plaintiffs") filed a state court lawsuit in Florida against Defendant, the Republic of Cuba ("Defendant" or "Cuba"), pursuant to the Foreign Sovereign Immunities Act ("FSIA"). *See* [Doc. 1 at ¶ 6]. Broadly speaking, Plaintiffs alleged that Cuba's "acts of terrorism and torture against Plaintiffs and their father [("Mr. Villoldo")], which started in January 1959 and continued through mid-2003, led to Mr. Villoldo's death on February 16, 1959, the confiscation

of [Mr. Villoldo's] property, and extreme emotional distress to his family, including Plaintiffs." [*Id.* at ¶ 5]; *see also* [Doc. 1-3 at 2–12]. Defendant was served in the underlying state court case but failed to appear, and judgment was entered in Plaintiffs' favor in that case on August 22, 2011. [Doc. 1 at ¶¶ 6–9]. The state court judgment was later amended and corrected on May 24 and 25, 2021, effective *nunc pro tunc to* August 22, 2011. [*Id.* at ¶¶ 9–11]; *see also* [Doc. 33-2].

This civil action was commenced on September 14, 2021 for the purposes of "seek[ing] the recognition, confirmation, and enforcement of [the] money judgment award rendered in [Plaintiffs'] favor against" Cuba in the Florida state court. [Doc. 1 at ¶ 1]. Defendant was served in this case but failed to appear, which caused Plaintiffs to move for entry of default, *see* [Doc. 31], and default was entered by the Clerk of Court for this District on June 30, 2022. [Doc. 32]. That same day, Plaintiffs filed Plaintiffs' Motion for Entry of Default Judgment (the "First Motion for Default Judgment" or "First Motion"). [Doc. 33]. After requesting and obtaining supplemental briefing from Plaintiffs, *see* [Doc. 36; Doc. 37], this Court granted the First Motion for Default Judgment in part and denied it in part. [Doc. 41]. Specifically, the Court first concluded that Plaintiffs demonstrated that the Florida court had subject matter jurisdiction over Gustavo's claims, both individually and as executor of Mr. Villoldo's Estate (the "Estate"), and Alfredo's claims, to the extent they were based on the extrajudicial killing of Mr. Villoldo; accordingly, the Court granted the First Motion to the extent it sought confirmation of the state court's subject matter jurisdiction over those claims. [*Id.* at 25, 31, 41].[1] However, the Court denied the First Motion to the extent that it asked the Court to confirm subject matter jurisdiction over Alfredo's claims based on acts of torture, finding that Plaintiffs had not established that the state court had

---

[1] The Court uses Gustavo and Alfredo Villoldo's first names to conform with the Court's practice in the March 2023 Order distinguishing between each of the Plaintiffs and their father, who have the same surname. *See generally* [Doc. 41].

2

subject matter jurisdiction over these claims pursuant to an FSIA exception. [*Id.* at 25]. In addition, the Court denied the First Motion insofar as it asked the Court to "grant[] full faith and credit to the Florida state court's" final judgment based on two concerns raised by the Court: (1) whether it was legally permissible for the Court to enter a new federal judgment in this context, [*id.* at 36–39], and (2) whether the Court could accurately ascertain how much of the claimed damages were attributable to the claims that this Court found were within the state court's subject matter jurisdiction. [*Id.* at 39–40]. The Court granted Plaintiffs leave to file a supplemental motion addressing the proper course of action for the Court to take in this case. [*Id.* at 41].

Plaintiffs filed the instant Supplemental Motion for Default Judgment on April 18, 2023. [Doc. 42]. In the Supplemental Motion, Plaintiffs explain that they do not ask the Court to "register" the state court judgment, or to "enter a new judgment on the underlying claims previously litigated in state court." [*Id.* at 8]. Instead, they request that the Court "enter judgment for the purpose of confirming the subject matter jurisdiction of and granting full faith and credit to the Florida state court judgment . . . so that Plaintiffs may then pursue their judgment enforcement efforts." [*Id.* at 8–9]. Specifically, they request that the Court enter judgment in favor of Gustavo individually and as personal representative of the Estate, in the amount of $2,595,000,000. [*Id.* at 10].[2] Plaintiffs argue that this Court may enter a federal judgment, and must do so, in order to give full faith and credit to the state court judgment. [*Id.* at 2, 8–9].

---

[2] Gustavo represents that this amount is comprised of $1,400,000,000 to Gustavo as the administrator of Mr. Villoldo's Estate, representing economic damages to the Estate; $195,000,000 to Gustavo individually, representing damages for solatium, pain and suffering, and emotional distress; and $1,000,000,000 to Gustavo as personal representative of the Estate, representing punitive damages. [Doc. 42 at 10 n.4]; *see also* [Doc. 33-2 at 28–29]. The limitation of the request to the damages awarded to Gustavo, coupled with the dismissal of Alfredo's claims in this case, [Doc. 43], eliminates the Court's concern about allocation of damages.

3

Also on April 18, 2023, Alfredo filed a Notice of Voluntary Dismissal Without Prejudice (the "Notice of Dismissal"), voluntarily dismissing his claims in this case without prejudice. [Doc. 43]. Alfredo's Notice of Dismissal is a self-effectuating notice of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Indeed, although Rule 41 references an "action," "[a]n 'action' under Rule 41 does not mean the entire controversy." *Stafford v. Jaggers*, No. 1:08-CV-1732-TCB-AJB, 2009 WL 10664788, at *1 (N.D. Ga. Jan. 23, 2009), *report and recommendation adopted*, 2009 WL 10664921 (N.D. Ga. Feb. 17, 2009). It is well settled in the Tenth Circuit that "[a]lthough Rule 41(a)(1)(A) refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed." *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022). Because Alfredo seeks to dismiss all of his claims in this case against the singular Defendant, the Court concludes that Rule 41 is an appropriate mechanism to meet that end. Accordingly, Alfredo's claims were dismissed without prejudice as of the filing of the Notice, and the Court construes the instant Supplemental Motion for Default Judgment as having been filed by Gustavo only. The Court considers Gustavo's request below.

**LEGAL STANDARDS**

To obtain a judgment by default, a party must follow the two-step process set out in Rule 55. First, the party must seek an entry of default from the Clerk of Court under Rule 55(a), which provides for the entry of default against any party who "has failed to plead or otherwise defend" against an affirmative request for relief. Fed. R. Civ. P. 55(a). Then, after the Clerk of Court has entered default, the party must move for default judgment under Rule 55(b). "[T]he entry of a

4

default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

In addition, the Full Faith and Credit Clause provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State," U.S. Const., art. IV, § 1, and is implemented and applied to federal courts through 28 U.S.C. § 1738. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 483 n.24 (1982) ("Section 1738 was enacted to implement the Full Faith and Credit Clause, . . . and specifically to insure that federal courts, not included within the constitutional provision, would be bound by state judgments."); *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986). The statute provides that

> [s]uch Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. "The most direct consequence of applying the full faith and credit statute is that a federal court must enforce a state court judgment when an action is brought for that purpose." 18B Wright & Miller, Federal Practice & Procedure § 4469 (3d ed. 2023 update); *see also Galahad v. Weinshienk*, 555 F. Supp. 1201, 1205 (D. Colo. 1983) ("[I]t is well settled that federal courts must give full faith and credit to the judgments of state and territorial courts."). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered," *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984), so long as the state court had "adjudicatory authority over the subject matter and persons governed by the judgment." *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998).

## ANALYSIS

In its March 2023 Order, this Court raised concerns about the appropriate procedural mechanism to grant Plaintiffs the relief they sought in the First Motion for Default Judgment. [Doc. 41 at 36–41]. Recognizing that section 1738 "does not . . . provide guidance as to how state court judgments may be enforced in federal court," [*id.* at 37 (quoting *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 122 (2d Cir. 2017))], the Court cited cases for the proposition that a federal court cannot register a state court judgment or "enter its own judgment," and that a federal court's authority is instead "limited to enforcement of the state court judgment as provided by the law of the issuing state." [*Id.* at 38 (citing *Ellenoff Grossman & Schole LPP v. Tempus Applied Sols. Holdings, Inc.*, No. 4:20-cv-68, 2020 WL 4926144, at *3 (E.D. Va. Aug. 21, 2020), and *W.S. Frey Co. v. Precipitation Assocs. of Am., Inc.*, 899 F. Supp. 1527, 1528 (W.D. Va. 1995))]. In the instant Motion, Gustavo submits that the *Ellenoff* decision "was incorrect to the extent it suggests that a federal court cannot enter any judgment of its own granting full faith and credit to a state court judgment in the amount of that state court judgment." [Doc. 42 at 7]. Gustavo asserts that a judgment reflecting a federal court's determination that a state court judgment is entitled to full faith and credit and is enforceable in federal court is expressly contemplated in Rule 69 of the Federal Rules of Civil Procedure. [*Id.* at 5, 8]. Gustavo directs the Court to a number of cases in which a federal court has entered a federal judgment recognizing and enforcing state court judgments. *See* [*id.* at 5–7].[3]

---

[3] *See, e.g.*, *Ingevity Corp. v. Regent Tek Indus., Inc.*, No. 22-CV-565 (NGG) (RLM), 2022 WL 18859010, at *5 (E.D.N.Y. Nov. 23, 2022), *report and recommendation adopted*, 2023 WL 2553896 (E.D.N.Y. Mar. 17, 2023); *McCarthy ex rel. Est. of Anderson v. Republic of Cuba*, 354 F. Supp. 2d 1347, 1349 (S.D. Fla. 2005); *Irvin L. Young Found., Inc. v. Damrell*, 607 F. Supp. 705, 712 (D. Me. 1985); *N.C. Nat'l Bank v. Marden*, 561 F. Supp. 698, 699 (W.D.N.C. 1983); *Stephenson v. Duriron Co.*, 428 F.2d 387, 392 (6th Cir. 1970); *Wright v. Bank of Am.*, Case No. 1:10-cv-771 (S.D. Ohio May 3, 2012) [ECF No. 56], *aff'd*, 517 F. App'x 304, 308 (6th Cir. 2013); *Endocare, Inc. v. Technologias Urologicas, Inc.*, Case No. 3:12-cv-01229-GAG-BJM (D.P.R.

Gustavo's argument is well-taken. As a practical matter, the Court finds that entry of a federal judgment is necessary to fulfill the Court's obligation to give the state court judgment full faith and credit and to permit Gustavo to enforce the state court judgment. "[P]ursuant to the full faith and credit doctrine, [a federal] court is obliged to enforce the [state court] judgment . . . to the extent that the courts of the rendering state would be similarly bound." *Ingevity Corp. v. Regent Tek Indus., Inc.*, No. 22-CV-565 (NGG) (RLM), 2022 WL 18859010, at *6 (E.D.N.Y. Nov. 23, 2022), *report and recommendation adopted*, 2023 WL 2553896 (E.D.N.Y. Mar. 17, 2023) (quotation omitted). The Florida Rules of Civil Procedure provide that the "[f]inal process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment, or other appropriate process or proceedings." Fla. R. Civ. P. 1.570(a). Similarly, Rule 69 of the Federal Rules of Civil Procedure governs enforcement proceedings in federal court. The plain language of the rule contemplates the presence of a monetary *judgment* that can be executed upon. *See* Fed. R. Civ. P. 69(a)(1) ("A money *judgment* is enforced by a writ of execution, unless the court directs otherwise.") (emphasis added). But Rule 69 does not permit federal execution proceedings arising out of *state court* judgments. *See, e.g.*, 12 Wright & Miller, Federal Practice and Procedure § 3011 ("Rule 69 has no application to state-court judgments."); *Labertew v. Langemeier*, 846 F.3d 1028, 1033 (9th Cir. 2017) ("Rule 69 is not available to enforce state court judgments in federal court.") (quotation omitted). Thus, *some* action on the part of this Court is required to permit Gustavo to enforce and collect on the state court judgment in the District of Colorado, where he has alleged that Defendant has assets. [Doc. 1 at ¶ 1]. And the Court is not aware of any other mechanism that would permit Gustavo to enforce the state court judgment

---

Aug. 5, 2013) [ECF No. 58]; *Weininger v. Castro*, Case No. 1:05-cv-07214-VM (S.D.N.Y. Dec. 13, 2005) [ECF No. 71].

7

against Defendant's purported assets in this District without a federal court judgment. It necessarily follows that to give the state court judgment the same credit, validity, and effect as the judgment has in state court, and to comply with the Court's obligation that it "*must* enforce a state court judgment when an action is brought for that purpose," 18B Wright & Miller, Federal Practice & Procedure § 4469 (emphasis added), a judgment must be entered in this case recognizing the state court judgment's validity and permitting enforcement in this District. *See Midessa Television Co. v. Motion Pictures for Television, Inc.*, 290 F.2d 203, 204 (5th Cir. 1961) (recognizing a "general rule" that "in a suit on a judgment of a court of one of the states, full faith and credit *requires* the enforcement of the judgment unless it is shown that the judgment was entered without jurisdiction") (emphasis added).

In *Ellenoff*, the case this Court previously relied on when it questioned whether the Court could enter a federal judgment in this case, the plaintiff sought to enforce a New York state court judgment against a defendant in federal court. 2020 WL 4926144, at *1. The court recognized that the plaintiff could *enforce* the New York judgment in federal court, but concluded that it could not "enter its own judgment against [the defendant], upset the terms of the judgment issued by the New York court, or register the judgment in the New York lawsuit as a federal judgment," reasoning that a federal court judgment could not "alter[] or supersede[] the judgment in the New York lawsuit," and that the terms of the New York judgment "remain[ed] controlling in any enforcement pursued in this venue." *Id.* at *3. In *Ellenoff*, it appears that the court's concern was improperly circumventing the restriction on registering state court judgments in federal court. *See id.* at *2–3 (concluding that the plaintiff was "not entitled to a [federal] judgment that is distinct from the New York judgment" and recognizing there is "no statutory procedure that empowers federal courts to register state court judgments, thereby adopting a state court judgment as a federal

8

court judgment"). But the court also recognized that the state court judgment may be *enforced* in federal court, *id.* at *2, and granted the plaintiff's request insofar as it requested "to enforce the judgment of the court in the New York lawsuit." *Id.* at *4.

The Court finds the entry of a judgment recognizing the validity and enforceability of the state court judgment as distinct from registration of a state court judgment. Registration of a judgment in federal court, which is permitted by statute and only with respect to judgments of other federal courts, requires only that a certified copy of the judgment be filed in the registering court. 28 U.S.C. § 1963. Registration of a judgment is "a rapid procedure that does not require the intervention of a judge," *In re Pro. Air Traffic Controllers Org. (PATCO)*, 699 F.2d 539, 544 (D.C. Cir. 1983), and "does not accord the judgment debtor the same right to advance defensive matter as does an independent action." *Urb. Indus., Inc. of Ky. v. Thevis*, 670 F.2d 981, 985 (11th Cir. 1982); *see also Caruso v. Perlow*, 440 F. Supp. 2d 117, 118 (D. Conn. 2006) (referencing the "statutorily-created procedural short cut known as 'registration'"). Section 1963 was enacted "to simplify and facilitate the enforcement of federal judgments, at least those for money, to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter." *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965); *see also Wells Fargo Equip. Fin., Inc. v. Asterbadi*, 841 F.3d 237, 245 (4th Cir. 2016) ("[T]he purpose of § 1963 was to give the same effect achieved by a judgment on a judgment but without the excessive process."). A registered judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963.

On the other hand, "the holder of a *state-court judgment* seeking to have it enforced in federal court must fall back upon the traditional, if rather cumbersome, strategy of bringing a civil

9

action on the state-court judgment by invoking, for example, the diversity jurisdiction of the federal court." *Caruso*, 440 F. Supp. 2d at 119 (emphasis added); *see also Asterbadi*, 841 F.3d at 244 (contrasting § 1963 with "the former practice of suing on a judgment to obtain a *new judgment*") (emphasis added).  Here, Gustavo does not seek to register a judgment, but has instead properly initiated a civil enforcement action to enforce the state court judgment—in other words, he seeks a judgment on a judgment—which is permissible: "In the federal courts, a judgment of a state court may be sued on as a cause of action in a federal court having jurisdiction." *Cont'l Cas. Co. v. Argentine Republic*, 893 F. Supp. 2d 747, 753 (E.D. Va. 2012) (quotation omitted).  He has thus properly gone through the "cumbersome" process of filing a new civil action, serving Defendant in this action, establishing the state court's jurisdiction, and demonstrating that he is entitled to default judgment in his favor.

For these reasons, the Court finds it appropriate to enter a judgment recognizing that the state court had subject matter jurisdiction over Gustavo's claims, individually and as a representative of the Estate, granting full faith and credit to that portion of the state court judgment, and permitting enforcement of that portion of the state court judgment in the District of Colorado. *See supra* n.3; *cf. Asterbadi*, 841 F.3d at 244 (explaining that § 1963 obviates the need of a judgment debtor "to file a complaint in the [federal] district court on the basis of the [state court] judgment, thereby engaging the federal process *to obtain a new judgment* enforceable in the" federal district) (emphasis added).  However, the Court emphasizes that in so doing, it does not alter or supersede the state court judgment and is instead simply recognizing it and giving it the same force and effect as it would be given in Florida state court.  The Supplemental Motion for Default Judgment is therefore **GRANTED**.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

(1)     Plaintiffs' Supplemental Motion for Default Judgment [Doc. 42] is **GRANTED**;

(2)     Default judgment is **ENTERED** in favor of Gustavo E. Villoldo, individually and as administrator, executor, and personal representative of the Estate of Gustavo Villoldo Argilagos, and a separate Judgment will be entered concurrently with this Order; and

(3)     The Clerk of Court is directed to close this case.

DATED:  September 1, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge